# In the United States Court of Federal Claims

No. 20-92C

(Filed Under Seal: March 3, 2020)
(Reissued for Publication: March 11, 2020)[1]

*****************************************
```
EFW, INC.,                          *
                                    *
                                    *
            Plaintiff,              *
                                    *  Deliberative Process Privilege;
v.                                  *  Attorney-Client Privilege; Post-Award
                                    *  Bid Protest; Motion to Supplement;
THE UNITED STATES,                  *  Complete Administrative Record;
                                    *  Effective Judicial Review.
            Defendant,              *
                                    *
and                                 *
                                    *
ROCKWELL COLLINS, INC.,             *
                                    *
            Defendant-Intervenor.   *
                                    *
```
*****************************************

*Todd J. Canni*, with whom were *Marques O. Peterson*, *Kevin J. Slattum*, and *J. Matthew Carter*, Pillsbury Winthrop Shaw Pittman LLP, Los Angeles, California, for Plaintiff EFW, Inc.

*Alison S. Vicks*, Trial Attorney, with whom were *Joseph H. Hunt*, Assistant Attorney General, *Robert E. Kirschman, Jr.*, Director, *Deborah A. Bynum*, Assistant Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington, D.C., for Defendant.

*Daniel R. Forman*, Crowell & Moring LLP, Washington, D.C., for Defendant-Intervenor, Rockwell Collins, Inc.

---

[1] The Court issued this decision under seal on March 3, 2020, and invited the parties to submit proposed redactions of any proprietary, confidential, or other protected information on or before March 10, 2020.  None of the parties proposed any redactions.  Thus, the Court reissues the opinion in full.

OPINION AND ORDER

WHEELER, Judge,

In this post-award bid protest, the parties disagree about the contents of the administrative record. On February 12, 2020, Plaintiff EFW, Inc. ("EFW") filed a motion to supplement the administrative record and to stay briefing on the merits. See Dkt. No. 34. EFW contends that the administrative record contains "glaring holes" and is "devoid of any meaningful explanation" regarding certain agency decisions and how those decisions "affected or softened in the mind" of the Source Selection Authority. See id. at 4; Dkt. No. 34-1 at 4, 7. The Government, however, maintains that the record is complete and any withheld documents are covered by the deliberative process and attorney-client privileges. For the reasons explained below, and after reviewing the documents *in camera*, the Court **GRANTS** EFW's motion in part.

Background

EFW argues that the administrative record is incomplete and that a complete record would contain evidence that is (1) relevant to specific allegations in its complaint and (2) needed for effective judicial review. EFW asserts that the administrative record lacks key documents that would answer six important questions: (1) whether the Past Performance Evaluation Team ("PPET") Lead identified a conflict resulting from the dual roles played by the contracting officer; (2) why the PPET Lead excluded the second past performance questionnaire; (3) whether the agency included the second past performance questionnaire in the evaluation despite the PPET Lead's decision to exclude it; (4) was the Source Selection Authority aware of the PPET Lead's concerns or decisions to exclude the past performance questionnaire; (5) whether the Source Selection Authority considered each contractor's teaming partner; and (6) the extent the Source Selection Authority's decision was influenced by the inclusion of the second past performance questionnaire. See id. at 2–4.

The Government opposes the motion, characterizing EFW's request as "interrogatories" disguised as document requests. Dkt. No. 36 at 4–5. In support, the Government cites to portions of the administrative record which detail the agency's decision-making process and states that the withheld documents are covered by the attorney-client and deliberative process privileges. Dkt. No. 36 at 4–5. The Government also notes that EFW filed its motion to supplement just one day after the Government filed its more than 16,000-page record, suggesting that EFW could not have performed a thorough review. Id. at 1.

On February 21, 2020, the Court held a telephone conference in response to EFW's motion to supplement. Dkt. No. 38. During the conference, the Government noted that several documents had been designated as privileged. The Court requested that the

Government create a privilege log and produce any withheld documents for *in camera* review. Dkt. No. 39. On February 27, 2020, at the Court's request, the Government filed a privilege log and copies of seventy-four withheld documents for *in camera* review. In its privilege log, the Government argues that the attorney-client privilege applies to twenty-nine documents and all seventy-four documents are subject to the deliberative process privilege.

Discussion

In a bid protest, a court focuses on the "materials that were before the agency when it made its final decisions." Cubic Applications, Inc. v. United States, 37 Fed. Cl. 345, 350 (1997); see also Inforeliance Corp. v. United States, 118 Fed. Cl. 744, 747 (2014). Typically, an agency decision is entitled to a presumption of regularity and review is limited to the record compiled by the agency. See Beta Analytics Int'l, Inc. v. United States, 61 Fed. Cl. 223, 226 (2004).

However, the administrative record may be supplemented when it is missing "relevant information that by its very nature would not be found in an agency record—such as evidence of bad faith, information relied upon but omitted from the paper record, or the content of conversations." Orion Int'l Techs. v. United States, 60 Fed. Cl. 338, 343 (2004); see also Asia Pac. Airlines v. United States, 68 Fed. Cl. 8, 18–19 (2005) (allowing supplementation where rationale of decision makers was not apparent from the administrative record). For example, where bias is alleged, the administrative record may not be sufficient for effective judicial review. See Poplar Point RBBR, LLC v. United States, 145 Fed. Cl. 489, 494 (2019) (citing Axiom Res. Mgmt., Inc. v. United States, 564 F.3d 1374, 1379 (Fed. Cir. 2009)); Estes v. United States, 128 Fed. Cl. 285, 290 (2016). As a result, extra-record evidence may be appropriate when there is a "strong showing of bad faith or improper behavior such that without discovery the administrative record cannot be trusted." See Alabama Aircraft Indus., Inc. v. United States, 82 Fed. Cl. 757, 766 (2008) (internal quotation and citation omitted); Asia Pac. Airlines, 68 Fed. Cl. at 18–19.

A plaintiff seeking supplementation need not meet the same burden of proof that it ultimately must satisfy on the merits. See Pitney Bowes Gov't Sols., Inc. v. United States, 93 Fed. Cl. 327, 332 (2010). Rather, "[t]he test for supplementation is whether there are sufficient well-grounded allegations of bias." Id.; see also L-3 Commc'ns Integrated Sys., L.P. v. United States, 91 Fed. Cl. 347, 355 (2010) (explaining that a plaintiff need only "assert a reasonable factual predicate for such allegation").

Here, EFW has challenged the completeness of the administrative record both in its complaint and its motion to supplement the record. EFW argues that the record is not complete because it lacks an explanation for why the contracting officer prepared a second past performance questionnaire and whether the agency evaluators were even aware of the officer's dual role as contracting officer and evaluator on the Source Selection Evaluation

Board. Dkt. No. 37 at 2–5. In the first past performance questionnaire, the contracting officer concluded that the agency should "probably not" work with Defendant-Intervenor, Collins Aerospace, again due to its recent performance on a similar contract. Dkt. No. 37 at 4 (citing AR at 15479–85). Shortly thereafter, the contracting officer prepared a second evaluation which concluded that the agency should "maybe" work with Collins Aerospace. Dkt. No. 34 (citing AR 16087–117). Despite the Past Performance Evaluation Team Lead's decision to exclude the second past performance evaluation due to "appearance issues," EFW points out that the chair of the Source Selection Evaluation Board nonetheless relied on this second evaluation when briefing the Source Selection Authority. Dkt. No. 34 at 3; 34-1 at 7.

The Government counters that the administrative record provides all of the relevant evidence. It maintains that the Court should not permit EFW to use the discovery process as a method of introducing evidence and argues that these allegations are better suited for EFW's motion for judgment on the administrative record. Dkt. No. 36. at 5. The Government also insists that the seventy-four withheld documents are protected by the attorney-client and deliberative process privileges.[2] Id. at 3–4. The Government further argues that a privilege log was inappropriate because privileged material is not part of the administrative record. However, the deliberative process privilege is not absolute and is subject to judicial oversight. See Dairyland Power Co-op. v. United States, 77 Fed. Cl. 330, 337 (2007); Marriott Int'l Resorts, L.P. v. United States, 437 F.3d 1302, 1307 (Fed. Cir. 2006). The privilege can be overcome and a log is appropriate when there is a showing of bad faith or improper behavior. See Joint Venture of Comint Sys. Corp. v. United States, 100 Fed. Cl. 159, 169 (2011); Chevron U.S.A., 76 Fed. Cl. at 444; cf. Stand Up for California! v. United States Dep't of Interior, 71 F. Supp. 3d 109, 124 (D.D.C. 2014).

After reviewing the documents *in camera*, the Court is persuaded that eighteen of the documents "could lead to evidence which provide the level of proof required to overcome the presumption of regularity and good faith" and, therefore, may not be withheld under the deliberative process privilege. Beta Analytics Int'l, Inc., 61 Fed. Cl. at 226. "Allowing a protest to be decided upon an AR which does not reflect what actually transpired would perpetuate error and impede and frustrate effective judicial review." AshBritt, Inc. v. United States, 87 Fed. Cl. 344, 366 (2009). Particularly under these circumstances, where EFW is alleging bias in circumstances associated with the procurement, and has identified specific employees and suspect conduct, effective judicial review would be frustrated if the Court were not to allow supplementation of the record. Accordingly, EFW is entitled to limited discovery and supplementation of the administrative record so that the merits of its claim may be tested on a complete record. The Government shall produce the following documents to EFW: 16–27, 32, 34, 52, 63–64, and 73.

---

[2] The deliberative process privilege applies to documents that are both "pre-decisional" and "deliberative." See Chevron U.S.A., Inc. v. United States, 76 Fed. Cl. 442, 444 (2007).

4

Conclusion

For the reasons stated above, EFW's motion to supplement the administrative record is **GRANTED** in part. The Government shall produce to EFW documents numbered 16–27, 32, 34, 52, 63–64, and 73, after which EFW may assert whether it wishes to add any of these documents to the protest record.

Within seven days, on or before March 10, counsel for the parties shall carefully review this opinion for any proprietary, confidential, or other protected information, and submit to the Court proposed redactions, if any, before the opinion is released for publication. The Court has prepared this opinion with the intent of disclosing the entire contents to the public. Therefore, any proposed redactions must be well supported with an explanation of the specific reasons and authorities.

IT IS SO ORDERED.

s/ Thomas C. Wheeler
THOMAS C. WHEELER
Judge